**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **REGINA JOHNSON, AS MOTHER** | § | |
| **AND NEXT FRIEND OF A MINOR,** | § | |
| **M.K., DEBRA MONTIEL, AS MOTHER** | § | |
| **AND NEXT FRIEND OF J.C., J.C. AND** | § | |
| **K.C., JOSE AND LINDA LARTIGUE, AS** | § | |
| **PARENTS AND NEXT FRIENDS OF K.L.,** | § | |
| **Plaintiff,** | § | **CIVIL ACTION NO. 5:19-cv-00393** |
| | § | |
| **v.** | § | **CLASS ACTION COMPLAINT OF** |
| | § | **DISABILITY ACCOMMODATIONS** |
| **NORTHSIDE INDEPENDENT** | § | **DISCRIMINATION** |
| **SCHOOL DISTRICT,** | § | |
| **Defendant.** | § | |

**ORIGINAL CLASS ACTION COMPLAINT**

**I. INTRODUCTION**

1.     This action arises under the Individuals with Disabilities Education Act[1], Title II of the Americans with Disabilities Act[2] and the Rehabilitation Act of 1973, as amended.[3] Plaintiffs are minors, each with a hearing impairment disability and all attending the Northside Independent School District ("NISD", "School District" or "Defendant"). Plaintiffs bring forth these claims on behalf of all deaf and hearing-impaired students at the School District because the District uniformly fails to provide Deaf and Hearing services to each Plaintiff and by extension, each student who may be a member of this class. Plaintiffs also have claims pursuant to the Due Process Clause of the 14th Amendment to the United States Constitution against the School Board for failure to train and supervise

---

[1] 20 U.S.C. 1401 *et seq.* ("IDEA")

[2] 42 U.S.C. § 12101 *et seq.*, (the "ADA")

[3] 29 U.S.C. § 794a (the "Rehabilitation Act" of "Section 504")

staff.

2.  Plaintiffs further bring these claims because, by reason of their disabilities, Plaintiffs and members of the PROPOSED CLASS are being excluded from participation in or being denied the benefits of the services, programs, or activities of and/or being subjected to discrimination at the NISD. They seek nominal damages and equitable relief.

3.  Specifically, Plaintiffs seek a preliminary and permanent injunction, pursuant to Federal Rules of Civil Procedure, Title VIII, Rule 65, to enjoin NISD from engaging in these unlawful practices and seek the removal of the customs and practices that discriminate against each individual with hearing impairment disabilities. Further, Plaintiffs seek declaratory relief, pursuant to 20 U.S.C. §2201, for Plaintiffs and for each member of the PROPOSED CLASS for violation of their civil rights, along with their attorney's fees and the costs of litigation under 42 U.S.C. §1988.

## II. JURISDICTION

4.  This Court has jurisdiction over federal claims pursuant to 28 U.S.C. § 1331, 42 U.S.C. §12188, the Americans with Disabilities Act, 42 U.S.C. §12101, the Rehabilitation Act of 1973, 29 U.S.C. §701, 42 U.S.C. §1983 and 29 U.S.C. §794.

## III. VENUE

5.  Pursuant to 28 U.S.C. §1391 this Court is the proper Venue over this cause, as all events and omissions giving rise to Plaintiffs' claims occurred in the Western District of Texas, San Antonio Division.

## IV. BACKGROUND AND OPERATIVE LEGAL STANDARDS

6.  The Individuals with Disabilities Education Act ("IDEA") and its implementing regulations require that each state which receives disbursements under the IDEA, including the state's

political subdivisions, such as local school districts, must ensure that all students with disabilities are provided a free, appropriate public education ("FAPE").

7.      On July 26, 1990, the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 *et seq.*, the most comprehensive civil rights advancement for persons with disabilities ever to be enacted by the United States Congress, was signed into law. The Preamble of the ADA states its purpose.

> "An Act: To establish a clear and comprehensive prohibition of discrimination on the basis of disability."

8.      Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services programs, or activities of a public entity, or be subjected to discrimination by any such entity." [4]  Additionally, Title II of the ADA provides that "a public entity shall take appropriate steps to ensure that communications with applicants, participants, members of the public, and companions with disabilities are as effective as communications with others", 28 C.F.R. §35.160. The public entity completes this goal by providing "auxiliary aids and services", including, but not limited to, qualified interpreters on school campuses or through video remote interpreting services, note-takers, written materials, exchange of written notes, telephone handset amplifiers, assistive listening devices and systems, open and closed captioning, or other methods of making aurally delivered information available to individuals who are deaf or hard of hearing. [5]

---

[4]  42 U.S.C. §12132.

[5]  For a complete list of services, see
https://www.law.cornell.edu/definitions/index.php?width=840&height=800&iframe=true&def_i
d=ac8f7946a946d8573b275dced0f88be5&term_occur=1&term_src=Title:28:Chapter:I:Part:35:S
ubpart:E:35.160

9.    The Rehabilitation Act provides "No otherwise qualified individual with a disability in the United States as defined in section 705(20) of this title, shall solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."[6]

10.   Under Section 504 of the Rehabilitation Act, "the term 'program or activity' means all of the operations of a department, agency, special purpose district, or other instrumentality of a State or of a local government."[7]

11.   Discrimination under Section 504 is essentially the same as discrimination under Title II of the ADA, applicable to a state agency or program, with the additional requirement that the program or activity of the state agency receive Federal financial assistance. Section 504 of the Rehabilitation Act incorporates the remedies, rights, and procedures set forth in Title VI of the Civil Rights Act of 1964 for violations of § 504.[8]

## V. PARTIES

12.   Regina Johnson, Plaintiff herein, is an individual whose address is 3615 Calico Corner, San Antonio, Texas, 78245. This cause of action is brought by her on behalf of her daughter M.K. At all times relevant hereto M.K. has been an "individual with a disability" within the meaning of the IDEA, a "qualified individual with a disability" within the meaning of Title II of the ADA, an "otherwise qualified individual with a disability" within the meaning of Section 504 in that she has a hearing impairment that substantially limits one or more of

---

[6] 29 U.S.C. §794.

[7] 34 U.S.C. §104.3(k)(l)(1).

[8] 29 U.S.C. § 794a(a)(2).

her major life activities.

13.     Debra Montiel, Plaintiff herein, is an individual whose address is 1414 Hummingbird, San
Antonio, Texas, 78245. This cause of action is brought by her on behalf of her son J.C. At
all times relevant hereto J.C. has been an "individual with a disability" within the meaning
of the IDEA, a "qualified individual with a disability" within the meaning of Title II of the
ADA, an "otherwise qualified individual with a disability" within the meaning of Section
504 in that he has a hearing impairment that substantially limits one or more of his major
life activities.

14.     Debra Montiel, Plaintiff herein, is an individual whose address is 1414 Hummingbird, San
Antonio, Texas, 78245. This cause of action is brought by her on behalf of another son,
J.C. At all times relevant hereto, J.C. has been an "individual with a disability" within the
meaning of the IDEA, a "qualified individual with a disability" within the meaning of Title
II of the ADA, an "otherwise qualified individual with a disability" within the meaning of
Section 504 in that he has a hearing impairment that substantially limits one or more of his
major life activities.

15.     Debra Montiel, Plaintiff herein, is an individual whose address is 1414 Hummingbird, San
Antonio, Texas, 78245. This cause of action is brought by her on behalf of her daughter
K.C. At all times relevant hereto K.C. has been an "individual with a disability" within the
meaning of the IDEA, a "qualified individual with a disability" within the meaning of Title
II of the ADA, an "otherwise qualified individual with a disability" within the meaning of
Section 504 in that she has a hearing impairment that substantially limits one or more of
her major life activities.

16.     Jose and Linda Lartigue, Plaintiffs herein, are individuals whose address is 7007 River

Elms San Antonio, Texas, 78240. This cause of action is brought by them on behalf of their daughter K.L. At all times relevant hereto K.L. has been an "individual with a disability" within the meaning of the IDEA, a "qualified individual with a disability" within the meaning of Title II of the ADA, an "otherwise qualified individual with a disability" within the meaning of Section 504 in that she has a hearing impairment that substantially limits one or more of her major life activities.

17.     Defendant, the Northside Independent School District, is an agency of the State of Texas that conducts programs or activities receiving Federal financial assistance as defined by Section 504, and a public entity as defined by Title II of the ADA. As such, the Defendant School District cannot discriminate on the basis of disability in providing access to their benefits and programs. As such, NSISD is required to follow the requisites of the IDEA, ADA and Section 504.   Defendant School District may be served by serving its Superintendent, Dr. Brian Woods, 5900 Evers Rd., San Antonio, TX 78238. Plaintiffs reasonably believe the District may be served by and through their counsel of record, the Honorable Elvin Houston with Walsh, Gallegos, Treviño, Russo & Kyle, P.C. at Oak Park 1020 N.E. Loop 410 Suite 450, San Antonio, Texas, 78209.

## VI. CLASS ALLEGATIONS

18.     Pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(1), 23(b)(2), and 23(b)(3), Named Plaintiffs bring this class action on behalf of themselves and the "PROPOSED CLASS".

19.     The exact number of the PROPOSED CLASS is not presently known, but the PROPOSED CLASS consists of all persons who have a hearing impairment, and who would therefore be considered deaf and/or hearing impaired under the IDEA. The PROPOSED CLASS

consists of those who could bring suit against the Defendants for accommodation discrimination at NISD schools under the IDEA, ADA and the Rehabilitation Act, including children who are students at the school. Specifically, each deaf and hearing-impaired student is required to receive an Individualized Education Plan ("IEP") under the IDEA. Each student is to be given individualized services by a Certified Deaf Education Instructor, but the District failed to provide this service.

20.    In addition each student who is Deaf and Hearing Impaired should receive socialization services with other members of the Deaf community and does not.

21.    The PROPOSED CLASS is believed to consist of well over 100 members, and joinder of all of such members in this lawsuit is impracticable. All members of the PROPOSED CLASS are known to Defendants.

22.    There are common questions of law and fact in the action that relate to and affect the rights of each member of the PROPOSED CLASS that will generate common answers that will drive resolution of this action. Further, the relief sought is common to the entire PROPOSED CLASS as all members of the PROPOSED CLASS are victims of Defendant's unconstitutional conduct. Accordingly, pursuant to Federal Rules of Civil Procedure 23(a)(2), there are questions of law and fact common to the PROPOSED CLASS.

23.    Named Plaintiffs' claims are typical of the Class they represent pursuant to Federal Rules of Civil Procedure 23(a)(3) because Named Plaintiffs claim that Defendants violated the rights held by the Class under the IDEA, Title II of the ADA, and the Rehabilitation Act. There is no conflict between Plaintiffs and any other PROPOSED CLASS members with respect to this action.

24.     Named Plaintiffs are adequate representatives of the PROPOSED CLASS pursuant to Federal Rules of Civil Procedure 23(a)(4). The interests of the Named Plaintiffs do not conflict with the interests of the PROPOSED CLASS that they seek to represent, and Named Plaintiffs will fairly and adequately represent the PROPOSED CLASS . Moreover, Plaintiffs intend to prosecute this action vigorously. Therefore, the Named Plaintiffs should be appointed as representatives of the PROPOSED CLASS.

25.     This action is properly maintainable as a class action pursuant to Federal Rules of Civil Procedures 23(b)(a)(A) or 23(b)(1)(B) because the prosecution of separate actions by individual members of the PROPOSED CLASS would create a risk of inconsistent or varying adjudications with respect to individual members of the PROPOSED CLASS that, as a practical matter, would be dispositive of the interests of other PROPOSED CLASS members not party to the adjudication, or would substantially impair or impede the ability of other PROPOSED CLASS members to protect their interests, or would establish incompatible standards of conduct and results for Defendants.

26.     This action is properly maintainable as a class action under Federal Rules of Civil Procedure 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the PROPOSED CLASS, thereby making appropriate final injunctive relief and/or corresponding declaratory relief with respect to the PROPOSED CLASS as a whole.

27.     This action is properly maintainable as a class action under Federal Rules of Civil Procedure 23(b)(3) because questions of law and fact common to the PROPOSED CLASS predominate over individual questions for the members of the PROPOSED CLASS, and a class action is superior to other available methods for the fair and efficient adjudication of this case.

28.    There are numerous questions of law and fact common to the PROPOSED CLASS including, though not limited to, the following:

   a.    Whether the School District receives federal funds;

   b.    Whether the School District is required to follow Section 504;

   c.    Whether the School District is a public entity under the ADA;

   d.    Whether the School District is an agency of the State of Texas

   e.    Whether the members of the class receives services pursuant to IDEA;

   f.    Whether the School District's schools provided individualized services;

   g.    Whether the School District failed to provide services by a Certified Deaf Education Instructor;

   h.    Whether each student who is Deaf and Hearing Impaired received socialization services with other members of the Deaf community;

   i.    Whether the School District discriminates on the basis of disability in providing access to their benefits and programs;

   j.    Whether the School District has violated the Rehabilitation Act;

   k.    Whether the School District has failed to provide services to each student, as contemplated by the ADA; and

   l.    Whether class members are excluded from participation in or being denied the benefits of the services, programs, or activities of and/or being subjected to discrimination at the NISD.

29.    Named Plaintiffs have retained counsel for themselves and the PROPOSED CLASS that are experienced and capable in their field and have been recognized as knowledgeable, capable counsel who have carried out their duties.

## VII. ADMINISTRATIVE EXHAUSTION

30.   Plaintiffs contend that Administrative Exhaustion, as is often required by the *Individuals With Disabilities Education Act* ("IDEA"), 20 U.S.C. §1415(1) is not warranted in this cause, as the case is brought as a CLASS ACTION.

## VIII. FACTS

31.   M.K. is a student at the School District. She is deaf/hearing impaired. As such, she is entitled to special education services pursuant to the IDEA. Her IEP requires her to receive an Auditory Impairment ("AI") teacher that signs to her at all times.   It also requires that M.K.'s AI teacher uses Visual Phonics with her. Instead, M.K. had an AI teacher that preferred to orally communicate with M.K. As a result, M.K. has less of a desire to communicate via sign language. M.K. Does not receive direct services from a Certified Deaf Education Instructor. In addition each student who is Deaf and Hearing Impaired should receive socialization services with other members of the Deaf community and does not.

32.   J.C. is a student at Braun Station Elementary School at the School District. He is hearing impaired, and he needs an interpreter to communicate with others. As such, he is entitled to special education services pursuant to the IDEA. His IEP requires that he has an AI teacher with him at all times, but at times he goes without an AI teacher. Additionally, J.C.'s teacher has refused to sign to him. His AI teacher has also refused to let J.C. be in a small setting with his deaf peers for Fairview Interventions. J.C. Does not receive direct services from a Certified Deaf Education Instructor. In addition each student who is Deaf and Hearing Impaired should receive socialization services with other members of the Deaf community and does not.

33.    J.C. is a student at Stevenson Middle School at the School District. He is deaf. As such, he
       is entitled to special education services pursuant to the IDEA. According to his IEP, he is
       supposed to receive daily, in class sign language interpreting support and an AI teacher,
       but at time he goes without his AI teacher. J.C. Does not receive direct services from a
       Certified Deaf Education Instructor. In addition each student who is Deaf and Hearing
       Impaired should receive socialization services with other members of the Deaf community
       and does not.

34.    K.C. is a student at Brennan High School at the School District. K.C. is deaf. As such, she
       is entitled to special education services pursuant to the IDEA. According to her IEP, she is
       supposed to have an AI teacher with her at all times, but sometimes the School District
       does not provide an AI teacher for her. K.C. Does not receive direct services from a
       Certified Deaf Education Instructor. In addition each student who is Deaf and Hearing
       Impaired should receive socialization services with other members of the Deaf community
       and does not.

35.    K.L. is a student at the Science & Engineering Academy at the School District. K.L. is
       deaf. As such, she qualifies for special education services as a student with an auditory
       impairment pursuant to the IDEA. Her IEP requires that she receive interpreting services
       and AI counseling services from an AI teacher. This service has not been provided. As a
       result of the School District's failure to provide this service, K.L.'s grades have suffered
       and K.L. had a panic attack while at school. Additionally, K.L. and her family have
       requested Communication Access Real-time Translation ("CART") for UIL debate
       competitions, but these accommodations were not provided. As such, K.L. was not able to
       participate in the entire competition season. K.L. Does not receive direct services from a

Certified Deaf Education Instructor. In addition each student who is Deaf and Hearing Impaired should receive socialization services with other members of the Deaf community and does not.

36.     M.J. is a student at Braun Station Elementary at the School District. M.J. is deaf. As such, she is entitled to special education services pursuant to the IDEA. M.J.'s IEP requires her to receive a special education or AI teacher with her at all times, but there is not an IEP teacher with her at all times. As a result, M.J.'s grades are dropping. M.J. Does not receive direct services from a Certified Deaf Education Instructor. In addition each student who is Deaf and Hearing Impaired should receive socialization services with other members of the Deaf community and does not.

### IX. CAUSES OF ACTION- Count 1
### (IDEA)

37.     Plaintiffs incorporate by reference all the above-related paragraphs with the same force and effect as if herein set forth.

38.     The IDEA and its implementing regulations require that each state which receives disbursements under the IDEA, including the state's political subdivisions such as local school districts, must ensure that all students with disabilities are provided a Free and Appropriate Public Education ("FAPE").

39.     Plaintiffs allege that the Defendant School District failed to provide FAPE when not providing Plaintiffs and all members of the PROPOSED CLASS necessary related and supplementary services as identified herein.

### Count 2
### (ADA, Title II - Disability Discrimination)

40.     The ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services,

programs, or activities of a public entity, or be subjected to discrimination by any such entity.

41.   The regulations implementing the Americans with Disabilities Act provide that it is discriminatory to deny a person with a disability the right to participate in or benefit from the aid, benefit, or service provided by a public entity.

42.   Because the individualized services by a Certified Deaf instructor are not uniformly provided to Plaintiffs and each member of the PROPOSED CLASS, Defendants have subjected and continue to subject them to discrimination on the basis of disability.

43.   As a direct and proximate result NISD's violation of Plaintiffs' civil rights under the ADA, Named Plaintiffs and members of the PROPOSED CLASS have suffered a loss of educational opportunities otherwise provided to students without such disabilities.

**Count 3**
**(Rehabilitation Act - Disability Discrimination)**

44.   The Rehabilitation Act of 1973 provides "No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance".

45.   Because the individualized services by a Certified Deaf instructor are not uniformly provided to Plaintiffs and each member of the PROPOSED CLASS, Defendants have subjected and continue to subject them to discrimination on the basis of disability.

46.   As the Defendants have failed to follow the regulation promulgated pursuant to the Rehabilitation Act, Plaintiffs have a separate cause of action for such failures.

47.   As a direct and proximate result NISD's violation of Plaintiffs' civil rights under the

Rehabilitation Act, Named Plaintiffs and members of the PROPOSED CLASS have suffered a loss of educational opportunities otherwise provided to students without such disabilities.

**Count 4**
**(Section 1983 - Failure to Train and Supervise Staff)**

48.    During the relevant time period contemplated by this cause of action, the Northside ISD School Board had an actual practice and custom of conscious and deliberate indifference to the federal law, federal rules, directives from federal executive agencies, and their own School Board policies and procedures in regard to the treatment of the members of the PROPOSED CLASS., and such failures were a moving force in the injuries to each members of the PROPOSED CLASS for which they seek recovery pursuant to 42 U.S.C. §1983.

49.    In addition, and in the alternative, this School Board obviously failed to correctly supervise staff in regard to the laws, regulations and directives as noted above. Such failures, in addition and in the alternative to the above, rise to the level of a separate violation of the Fourteenth Amendment of the Constitution of the United States for which Plaintiffs seek recovery pursuant to 42 U.S.C. §1983.

50.    Last, and in addition, and also in the alternative to the above, this School Board obviously has failed to train staff in regard to the laws, regulations and directives as noted above. Such failures, in addition and in the alternative to the above, rise to the level of a separate violation of the Fourteenth Amendment of the Constitution of the United States for which Plaintiffs seek recovery pursuant to 42 U.S.C. §1983.

51.    Specifically, they obviously failed to train staff on how to address complaints based upon disability discrimination. They failed to train staff on cultural issues regarding persons in

the Deaf community. Moreover, such training is required be federal jurisprudence.

## X. REQUEST FOR RELIEF

Plaintiffs respectfully pray that the Court enter an order granting the following relief:

52.    An order directing Defendant to cease barring an equal opportunity for education at the NISD by individuals with disabilities otherwise enjoyed by those who do not have a hearing impairment.

53.    An order directing Defendant to cease excluding Plaintiffs and members of the PROPOSED CLASS from participation in, denying the benefits of, or subjecting to discrimination under any program or activity at Northside Independent School District.

54.    An order requiring the School District to provide each student who is deaf and hearing-impaired direct services from a Certified Instructor as contemplated in each student's IEP.

55.    An order requiring the District to re-evaluate the needs of each and every student who is hearing impaired commensurate with each student's unique and individualized needs as contemplated by IDEA.

56.    An order for each student who is Deaf and Hearing Impaired to receive socialization services with other Deaf peers.

57.    Plaintiffs also pray that the Court issue a permanent injunction against Defendants.

58.    Without the intervention of this Court, Named Plaintiffs and the members of the PROPOSED CLASS cannot prevent Defendants from continuing their violations of equal protection of the law.

59.    Named Plaintiffs and the members of the PROPOSED CLASS request that the court appoint a Special Master to ensure that required changes are reviewed, approved, and implemented.

60.     An award to Plaintiff of nominal damages, all attorney's fees, including litigation expenses and all costs; and

61.     An award to Plaintiff for all other relief at law and equity for which the Court deems appropriate.

## XI. DEMAND FOR A JURY TRIAL

**62.**     Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a jury trial for all issues in this matter.

### PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray in the manner and particulars noted above, and in an amount sufficient to fully compensate Named Plaintiffs and the PROPOSED CLASS for the elements of damages enumerated above, and enter a judgment in an amount sufficient to fully compensate them for the elements of damages enumerated above, judgment for damages, recovery of attorney's fees and costs for the preparation and trial of this cause of action, and for its appeal if required, pursuant to the IDEA, Title II of the ADA and Section 504 of the Rehabilitation Act of 1973; together with pre- and post-judgment interest, and court costs expended herein, as well as the equitable issues noted above; and for such other relief as this Court in equity, deems just and proper and for such other relief as the Court may deem just and proper in law or in equity.

Respectfully submitted,

*/s/ Martin J. Cirkiel*
Mr. Martin J. Cirkiel, Esq.
Texas Bar No. 00783829
Cirkiel & Associates, P.C.
1901 E. Palm Valley Blvd.
Round Rock, Texas 78664

(512) 244-6658 [Telephone]
(512) 244-6014 [Facsimile]
marty@cikrielaw.com [Email]

Matthew L. Finch
Texas Bar No. 24012622
The Law Offices of Matthew L. Finch, PC
1515 N. St. Mary's Street
San Antonio, Texas 78215
(210) 223-1123 [Telephone]
(210) 223-7455 [Facsimile]
mfinch@mfinchlaw.com [Email]

Attorneys for Plaintiff and Proposed Class