UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**KAYLEE LARTIGUE,**

　*Plaintiff*,

**v.**　　　　　　　　　　　　　　　　　　Case No.  SA-19-CV-00393-JKP

**NORTHSIDE INDEPENDENT
SCHOOL DISTRICT,**

　*Defendant*.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Northside Independent School District's Motion for Reconsideration. *ECF No. 85-1*. Consistent with the Court's September 7, 2022 ruling, the Court **DENIES** the School District's motion as to its original argument and **GRANTS** the School District relief based on the parties' subsequent briefings filed under Federal Rule 56(f). This case is **DISMISSED WITH PREJUDICE**. Final judgment will be entered by separate order. This opinion summarizes and explains the Court's ruling.

### I.　　BACKGROUND

This action was initiated as a putative class action brought by parents of NISD students with hearing impairments. The parents originally sued under the Individuals with Disabilities Act (IDEA), Title II of the Americans with Disabilities Act (ADA), the Rehabilitation Act of 1973, Title VI of the Civil Rights Act of 1964, the United States and Texas Constitutions, and Chapter 121 of the Texas Human Resources Code. Jose and Linda Lartigue moved to sever their case and opt-out of the class action on behalf of their daughter, Kaylee Lartigue, because she no longer

attended an NISD school. All other plaintiffs settled with the School District and the Lartigues were the sole remaining plaintiffs. In addition to this lawsuit, the Lartigues pursued an administrative hearing before the Texas Education Agency, in which a hearing officer ultimately found the School District met IDEA requirements. In this case, the Lartigues amended their complaint twice, abandoning their IDEA claim, revising their requested remedies, and changing the caption to sue under Kaylee Lartigue's name when she reached the age of majority.

The School District moved to dismiss Lartigue's case, and the Court granted the motion in part and denied it in part, leaving Lartigue's ADA claim as her sole remaining claim. The School District then moved for summary judgment on Lartigue's ADA claim. The Court held the School District's motion in abeyance while the parties attempted to settle the case. They were unsuccessful, so the Court considered NISD's motion, denied it, and scheduled the case for trial. The School District then attempted to file a Federal Rule of Civil Procedure 59(e) Motion for Reconsideration. The School District was unable to timely file its motion because the Court's electronic filing system was undergoing system maintenance, so it sought leave to file late. The Court responded by text order mooting the School District's request, noting that because the Court had entered no judgment in this case, NISD's motion was properly filed under Federal Rule of Civil Procedure 60(b) and was not untimely. Both parties provided briefings on NISD's motion, and the Court set a status conference to discuss the motion and assess whether additional mediation would be helpful. During the status conference, Lartigue's counsel expressed interest in mediation but the School District was not prepared to discuss mediation until the Court had ruled on its motion. The parties then provided oral argument on the School District's motion and responded to questions from the Court.

Based on information raised in the status conference, the Court sought additional briefing from the parties, under Federal Rule of Civil Procedure 56(f), on two potentially dispositive legal questions: (1) whether Lartigue had a valid, stand alone ADA claim, and (2) whether Lartigue's recovery was barred by the Supreme Court's recent decision in *Cummings v. Premier Rehab Keller*, 142 S.Ct. 1532 (April 28, 2002). The Court received written briefs from both sides and scheduled a motion hearing to hear oral argument. At the conclusion of that hearing, the Court issued its decision denying the School District's motion as to its original argument, but granting the School District relief based on the parties' subsequent briefings filed under Federal Rule 56(f). Specifically, the Court determined that Lartigue could not demonstrate that she had a valid, stand alone ADA claim, and the School District was therefore entitled to judgment as a matter of law. Because that finding resolves the case, the Court did not reach the question of what effect the *Cummings* decision would have.[1] This written opinion follows and explains the Court's ruling.

## II.   LEGAL STANDARD

The motion before the Court is NISD's Motion for Reconsideration. *ECF No. 85-1*. In its motion, the School District applied the Federal Rule 59(e) standard, which provides that a party may move that the Court "alter or amend a judgment" no later than 28 days after entry of judgment. The Court notified the School District by text order that its motion was improperly filed under Federal Rule 59(e), as no final judgment had been entered in this case. Ordinarily, a denial of summary judgment is not considered a final judgment, with some limited exceptions

---

[1] In the *Cummings* decision, the Supreme Court held that emotional distress damages are not recoverable in private actions to enforce antidiscrimination provisions of the Rehabilitation Act or the Affordable Care Act. NISD argued the *Cummings* reasoning applies to ADA claims for emotional damages, and Lartigue's claims are therefore not recoverable. Although the Court did not reach this issue, it notes that the Fifth Circuit has not yet weighed in on what effect, if any, *Cummings* has on cases like this one. *See Luke v. Texas*, 2022 WL 3571872, at *3, fn. 4 (5th Cir. 2022).

3

(e.g. qualified immunity). *Gobert v. Caldwell*, 463 F.3d 339, 344 (5th Cir. 2006). The Court therefore construed NISD's Federal Rule 59(e) motion as a Federal Rule 60(b) motion, which provides that the Court may relieve a party from an "order" on motion filed "within a reasonable time." The rule defines a reasonable time as no more than a year after the order was issued. Fed. R. Civ. P. 60(c). Thus, the School District's motion, which was filed a month after the Court's order, was not untimely.

The School District did not amend its motion to conform to the Federal Rule 60(b) standard; however, in its reply brief it correctly notes that arguments supporting the Federal Rule 59(e) standard, which is more exacting than the Federal Rule 60(b) standard, can also support a Federal Rule 60(b) motion. To prevail on a Federal Rule 59(e) motion, a movant must "show at least one of the following: (1) an intervening change in controlling law; (2) new evidence not previously available; or (3) the need to correct a clear or manifest error of law or fact or to prevent manifest injustice." *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002). In contrast, a Court may relieve a party under Federal Rule 60(b)(6) for "any other reason that justifies relief." The Court is granted broad authority to amend its prior order under Federal Rule 60(b)(6).

In its original motion, the School District argued the Court should reconsider its denial of summary judgment for two reasons: (1) because the Court committed manifest error in misapplying Fifth Circuit precedent and (2) the *Cummings* decision represented an intervening change in controlling law. For the reasons discussed herein, the Court is unpersuaded by the School District's argument about Fifth Circuit precedent; however, the parties' oral arguments caused the Court to consider another reason why Lartigue's claim was not valid as a matter of law—namely, whether Lartigue had a valid, stand alone ADA claim. Federal Rule of Civil

4

Procedure 56(f)(2) provides that a court may, after giving notice and a reasonable time to respond, grant summary judgment "on grounds not raised by a party." The Court therefore gave the parties an opportunity to further brief the question of whether Lartigue had a valid stand alone ADA claim, both orally and in writing, before issuing its final decision. The Court also asked the parties to brief the *Cummings* issue, though the Court ultimately did not reach it.

In determining whether to grant summary judgment under Federal Rule 56(f)(2), the Court applies the same standard it would apply under Federal Rule 56(a). Under that standard, summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Rodriguez v. Pacificare, Inc.*, 980 F.2d 1014, 1019 (5th Cir. 1993).[2] A dispute is "genuine" where there is sufficient evidence such that a reasonable jury could return a verdict for the nonmoving party. *Id*. There is no genuine dispute for trial when "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986)).

### III. DISCUSSION

The School District argues that the Court should have relied on the administrative hearing officer's determination that the School District met IDEA requirements to preclude Lartigue's ADA claim. To support this premise, the School District cites the Fifth Circuit finding that "to establish a claim for disability discrimination, in th[e] education context, 'something more than a mere failure to provide the 'free appropriate education' required by [IDEA] must be shown.'"

---

[2] Although 2010 amendments replaced "issue" with "dispute," the summary judgment standard "remains unchanged." Fed. R. Civ. P. 56 advisory committee notes (2010 amend.).

5

*Estate of Lance v. Lewisville Indep. Sch. Dist.*, 743 F.3d 982, 992 (5th Cir. 2014) (citing *D.A. ex rel. Latasha A. v. Hous. Indep. Sch. Dist.*, 629 F.3d 450, 454 (5th Cir. 2010)). The School District notes that this Court relied on *Estate of Lance* in a February 2022 decision, in which it dismissed a plaintiff's ADA claim after affirming a hearing officer's finding that the school district complied with IDEA requirements. *R.B. v. NEISD*, No. SA-20-CV-01441-JKP, 2022 WL 488500 (W.D. Tex. Feb. 16, 2022). In that case, this Court found that "when a plaintiff asserts [an] original cause[] of action under the ADA . . . in the same administrative appeal under the IDEA, the court should decide the IDEA claims first and, if it finds in favor of the school district, apply an issue-preclusion type analysis to bar re-litigation of the same facts and issues." *Id*. at *17 (citing *Pace v. Bogalusa City Sch. Bd.*, 403 F.3d 272, 289–90 (5th Cir. 2005); *D.A. v. Hous. Indep. Sch. Dist.*, 716 F. Supp. 2d 603, 618 (S.D. Tex. 2009); *M.V. b/n/f/ J.C. v. Conroe Indep. Sch. Dist.*, 2018 WL 4564948, at *4 (S.D. Tex. Sept. 24, 2018)).

The case at bar is distinguishable, however, from *R.B. v. NEISD* because Lartigue has no IDEA claim. Lartigue challenged the adequacy of her IDEA accommodations in an administrative hearing, and the hearing officer found in favor of the School District. In earlier filings in this case, Lartigue included a cause of action under the IDEA, but she has since abandoned it. Had Lartigue retained her IDEA claim, this Court would have reviewed the hearing officer's findings and might have relied on them to preclude her ADA claim. But the Court cannot rely on the hearing officer's findings in this case because the administrative record is not before it to review. In other words, the Court cannot apply an issue-preclusion analysis to Lartigue's ADA claim because it has not affirmed the hearing officer's IDEA decision—nor does it have the opportunity to do so. Therefore, the Court rejects NISD's argument that it

6

misapplied Fifth Circuit precedent. This case is distinguishable from the cases upon which the School District relies.

The Court's consideration of the School District's issue preclusion argument, however, raised a separate, related issue which does dispose of this case. That question is whether Lartigue had a valid, stand alone ADA claim—or if she essentially tried to resurrect the IDEA claim that she abandoned by repackaging it as an ADA claim. The Supreme Court explained in *Fry v. Napoleon Community Schools* that a plaintiff could have separate, actionable claims under the IDEA and the ADA; however, plaintiffs cannot evade IDEA's statutory limitations through artful pleading. 137 S.Ct. 743, 755 (2017). The issue in *Fry* was whether the plaintiff was required to satisfy IDEA exhaustion requirements before suing in federal court under the ADA. The Supreme Court held that exhaustion is required "when the gravamen of the complaint seeks redress for a school's failure to provide a FAPE [free appropriate public education], even if not phrased or framed in precisely that way." *Id*. *Fry*'s holding does not directly apply to this case because Lartigue has exhausted administrative remedies; however, its reasoning does apply. If the gravamen of Lartigue's complaint is denial of a FAPE, she has no stand alone ADA claim.

The *Fry* Court provided an analytical framework for determining whether a lawsuit seeks relief for denial of a FAPE. First, courts ask two hypothetical questions: (1) whether the plaintiff could have brought essentially the same claim if the alleged conduct had occurred at a public facility that was not a school; and (2) whether an adult at the school could have pressed essentially the same grievance. *Id*. at 756. If the answer to both questions is no, then the complaint probably does concern a FAPE. *Id*. To further ascertain the gravamen of the complaint, courts look to the history of the proceedings to determine whether the plaintiff previously sought IDEA's administrative remedies "before switching midstream." *Id*. at 757.

7

Such pursuit is strong evidence that the substance of the plaintiff's claim concerns the denial of a FAPE. *Id*.

In this case, as the School District notes, all of the accommodations that Lartigue claims the School District failed to provide were in some way associated with its obligation to provide a FAPE. Schools determine their FAPE obligations by developing an individualized education plan (IEP) that defines what specific accommodations are appropriate for a particular student. In Lartigue's case, her IEP goals largely track the accommodations she alleges she was denied in her complaint. When asked for an example of a non-FAPE related accommodation that Lartigue sought which could support her stand alone ADA claim, Lartigue's counsel pointed to her request to participate in an extracurricular debate competition through the University Interscholastic League (UIL). Specifically, Lartigue sought Communication Access Realtime Translation Services (CARTS) that allow the user to understand multiple speakers who are talking simultaneously. Lartigue requested CARTS early in the Fall of 2018 for use in debate that semester. Her request was eventually approved in November 2018 and made available for the Spring of 2019, but she says it was too late because the debate competition was over by then. The question is whether the School District's failure to provide CARTS constitutes denial of a FAPE.

Applying the *Fry* analysis, a plaintiff probably could not have brought essentially the same claim if the alleged conduct had occurred at a public facility that was not a school. High school debate competitions, while extracurricular in nature, are undeniably part of a student's academic experience. Similarly, an adult at the school could not have pressed the same grievance. Adults are not invited to participate in high school debate competitions and would therefore have no need to request accommodations to do so. Finally, Lartigue did raise her

8

CARTS request in her administrative hearing—and the hearing officer found the School District's response to her request to be consistent with its FAPE obligations—before abandoning her IDEA claim in federal court. This "midstream switch" is strong evidence that Lartigue's claim that the School District failed to accommodate her request to participate in UIL relates to denial of a FAPE. For this reason, under *Fry*, Lartigue has failed to demonstrate that she has a valid, stand alone claim under the ADA. What she really seeks is the Court's review of her claim that the School District denied her a FAPE. She cannot through artful pleading resurrect her abandoned IDEA claim.

## IV.  CONCLUSION

Consistent with the Court's September 7, 2022 ruling, the Court **DENIES** the School District's motion as to its original argument and **GRANTS** the School District relief based on the parties' subsequent briefings filed under Federal Rule 56(f). This case is **DISMISSED WITH PREJUDICE**. Final judgment will be entered by separate order.

It is so ORDERED.
SIGNED this 9th day of September, 2022.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE