UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**KAYLEE LARTIGUE,**

  *Plaintiffs*,

v.  Case No. SA-19-CV-00393-JKP

**NORTHSIDE INDEPENDENT
SCHOOL DISTRICT,**

  *Defendant*.

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Kaylee Lartigue's Motion for Indicative Ruling and Motion for Relief from Final Order and Judgment, pursuant to Federal Rules of Civil Procedure 62.1 and 60(b). *See* ECF Nos. 110, 111. Defendant Northside Independent School District filed Responses. *See* ECF Nos. 113, 114. After due consideration of the parties' briefings and the applicable law, the Court **DENIES** the motions.

### BACKGROUND

Lartigue brings this lawsuit under the Americans with Disabilities Act (ADA), alleging the School District failed to accommodate her hearing impairment while she was a student. After receiving briefing and oral argument from the parties, the Court determined Lartigue failed to allege a valid, stand alone ADA cause. *See* ECF No. 104. The Court, therefore, granted summary judgment in favor of the School District and dismissed the case. *Id*. Lartigue timely perfected her appeal to the Fifth Circuit. Lartigue now asks the Court to issue an order, under Rule 62.1,

indicating it would grant Lartigue's Rule 60(b) Motion for Relief from Final Order and Judgment. *See* ECF Nos. 110, 111. For the reasons discussed herein, the Court declines to do so.

## LEGAL STANDARD

"[A] perfected appeal divests the district court of jurisdiction." *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 329 (5th Cir. 2004) (quoting *Winchester v. United States Att. for the S.D. of Tex.*, 68 F.3d 947, 950 (5th Cir. 1995)). Federal Rule of Civil Procedure 62.1, in turn, sets forth the procedure a district court must follow "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending." Fed. R. Civ. P. 62.1(a). The district court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue. *Id*. Thus, while a proper notice of appeal strips district courts of jurisdiction to grant a Rule 60(b) motion, it does not prevent litigants from filing them in the district court while an appeal is pending. *See Lopez Dominguez v. Gulf Coast Marine & Assocs., Inc.*, 607 F.3d 1066, 1073–74 (5th Cir. 2010); *Rhodes v. Director*, TDCJ-CID, No. 3:19-cv-1076, 2021 WL 4296409, at *2 (N.D. Tex. Aug. 12, 2021). After a notice of appeal is filed, the district court retains jurisdiction to consider and deny a Rule 60(b) motion. *Id*. at 1074.

Under Rule 60(b), courts may overturn a judgment for: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it

prospectively is no longer equitable; or (6) any other reason that justifies relief. *See* Fed. R. Civ. P. 60(b).

## DISCUSSION

Lartigue argues the Court should overturn its judgment because the Court's finding that Lartigue did not have a valid stand alone ADA cause of action was premised on a mistake of law. *See* Fed. R. Civ. P. 60(b)(1); *see also Kemp v. United States*, 142 S.Ct. 1856, 1861–62 (2022). Specifically, she argues the Court erred in applying the Supreme Court's *Fry* decision in its analysis of whether she had a valid stand alone cause. *See Fry v. Napoleon Cmty. Sch.*, 137 S.Ct. 743 (2017). She further argues her position is confirmed by the Supreme Court's March 23, 2023 decision in *Perez v. Sturgis Public Schools*, 143 S.Ct. 859 (2023). However, this Court did not err in its application of *Fry*. Furthermore, the Court's decision is not disturbed by *Perez*, which is factually distinguishable from the case at bar and explicitly does not disturb *Fry*.

In its Memorandum Opinion and Order, this Court determined Lartigue essentially tried to resurrect the IDEA cause she abandoned by repackaging it as an ADA cause. *See* ECF No. 104 at 7. The Court relied on the analytical framework set forth in *Fry* to find the gravamen of Lartigue's complaint is a denial of a Free and Appropriate Public Education (FAPE). *See Fry*, 137 S.Ct. at 750. The Court further relied on the *Fry* opinion's statement that a "midstream switch" from an IDEA cause to an ADA cause is "strong evidence" that a plaintiff lacks a valid stand alone ADA cause of action. *Id*. The Court, therefore, found Lartigue cannot through artful pleading resurrect her abandoned IDEA claim. *See* ECF No. 104 at 8–9.

The *Perez* decision does not undermine the Court's analysis. In *Perez*, the Supreme Court held: (1) IDEA's administrative exhaustion requirement applies only to suits brought under another federal law that seek relief also available under IDEA; and (2) the student was not

3

required to exhaust administrative procedures under IDEA before seeking relief in the form of compensatory damages under ADA. *Perez* does not apply to Lartigue's case for several reasons.

First, *Perez*'s holdings explicitly pertain to exhaustion of administrative remedies under IDEA. This Court determined exhaustion was not at issue in Lartigue's case because she exhausted administrative remedies. *See* ECF No. 104 at 7. In *Perez*, the district court held, and the Sixth Circuit affirmed, that 20 U.S.C. § 1415(l) barred the plaintiff from bringing an ADA cause because it requires a plaintiff "seeking relief that is also available under" IDEA to first exhaust IDEA's administrative procedures. *See* 143 S.Ct. at 860. Because this Court did not dismiss Lartigue's ADA claim for failure to exhaust administrative remedies, the holding in *Perez* does not implicate the Court's final judgment in this case.

Furthermore, *Perez* is factually distinguishable from the case at bar. The *Perez* plaintiff, like Lartigue, initiated the administrative complaint process under IDEA. However, unlike Lartigue, the *Perez* plaintiff reached a settlement agreement which provided forward-looking equitable relief. *Perez*, 143 S.Ct. at 862. After settling the administrative complaint, the *Perez* plaintiff filed an ADA lawsuit seeking compensatory damages. *Id*. at 863. In contrast to the facts of *Perez*, Lartigue pursued her administrative complaint to hearing, resulting in a Hearing Officer's opinion finding NISD provided her a FAPE. *See* ECF No. 104 at 2, 6, 9. This Court found Lartigue now seeks, through artful pleading, to resurrect her abandoned IDEA claim under the ADA.

Finally, *Perez* did disturb the *Fry* analytical framework that this Court applied. *Perez*, 143 S.Ct. at 865. As this Court noted in its opinion, and Justice Gorsuch similarly stated in *Perez*, "*Fry* provided an analytical framework for determining whether a lawsuit seeks relief for denial of a FAPE." *See* ECF No. 104 at 7. However, *Perez* "presents an analogous but different

question—whether a suit admittedly premised on the past denial of a free and appropriate education may nonetheless proceed without exhausting IDEA's administrative processes if the remedy a plaintiff seeks is not one IDEA provides." *Perez*, 143 S.Ct. at 865. While the Supreme Court allowed the *Perez* plaintiff to proceed under ADA without first exhausting under IDEA, the *Perez* precedent does not provide relief for Lartigue. This Court found Lartigue exhausted her administrative remedies, but under the undisturbed reasoning of *Fry* she may not resurrect an IDEA cause she first asserted, then abandoned via amendment, by repackaging it as an ADA cause.

The Court finds its earlier decision is not premised on a mistake of law, nor is its decision disturbed by *Perez*. Lartigue's motions are, therefore, denied.

## CONCLUSION

For the reasons discussed, the Court **DENIES** Lartigue's Rule 62.1 Motion for Indicative Ruling and **DENIES** Lartigue's Rule 60(b) Motion for Relief from Final Order and Judgment. *See* ECF Nos. 110, 111.

It is so ORDERED.
SIGNED this 12th day of September, 2023.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE